UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

A.L., on behalf of I.L.,

                        Plaintiffs

     - against -                                 **COMPLAINT**

New York City Department of Education,          **08 CV 2427 (LTS)**

                        Defendant.

-----------------------------------------------------------------

      Plaintiff, A.L., on behalf of I.L., by their attorneys, Mayerson & Associates, as and for their Complaint, alleges and states the following:

1. Plaintiff I.L., the daughter of plaintiff A.L., is a minor child who has been diagnosed with an autism spectrum disorder. I.L. was at all relevant times was and is a student residing within the New York City School District entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education law and Part 200 of the Commissioner's Regulations.

2. Plaintiff A.L. is the mother of I.L. Plaintiff is a resident of the State of New York, residing at all relevant times at an address, in Manhattan, within the New York City Department of Education's Region 10, District 3.

3. I.L. and her mother A.L. are not expressly identified herein because of the privacy guarantees provided in the IDEIA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. § 99.

4. Defendant New York City Department of Education ("NYCDOE"), upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the agency charged with the obligations to provide I.L. with a free and appropriate public education ("FAPE"), *see infra*, ¶ 8.

## THE RELIEF BEING SOUGHT

5. This action is brought pursuant to the provisions of 20 U.S.C. § 1400, *et. seq.*, more commonly known as the IDEIA and, in particular, 20 U.S.C. §§ 1415(i)(2) and (3). *See also*, 34 C.F.R. §§ 300.516 and 300.517.

6. This action is being brought to secure statutory attorneys' fees that plaintiffs are entitled to recover pursuant to the fee-shifting provisions of the federal IDEIA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G). A.L., on behalf of I.L., should be awarded attorneys' fees as the substantially prevailing party in a due process hearing for the 2003-2004 and 2004-2005 school year under New York City Impartial Hearing Office Case Number 58044.

## JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy. Venue is proper in that plaintiff and defendant both reside in or are situated in this District.

8. Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a disability. The FAPE required under IDEIA will be different for each child, as IDEIA does not accept a "one size fits all" approach.

**FACTUAL BACKGROUND**

9. On or about June 2004, A.L., through her attorneys, Mayerson & Associates, filed for an impartial hearing at the administrative level in an effort to secure reimbursement and other relief relating to the 2003-2004 and 2004-2005 school years for the cost and expenses of I.L.'s tuition and special education services. I.L.'s mother filed for due process due to the NYCDOE's failure to recommend and provide appropriate placement and special education services individualized for I.L.'s unique needs.

10. On or about July 20, 2004, this case was withdrawn, without prejudice, due to settlement negotiations. However, a settlement agreement was not reached and plaintiff re-filed her request on or about December 23, 2004.

11. The evidentiary hearing on this matter took place on May 6, June 7 and June 9, 2005. Gary Mayerson, Esq., of Mayerson & Associates represented the plaintiff. The NYCDOE contended that they offered I.L. a FAPE (Prong I). Plaintiffs bore the burden of proof in regards to the appropriateness of the unilateral placement and related services provided to I.L. pursuant to the Burlington/Carter test for relief.[1]

12. The impartial hearing officer heard testimony from I.L.'s witnesses regarding the appropriateness of the placement and services secured by I.L.'s mother. The NYCDOE offered minimal testimonial evidence and no documentary evidence regarding the claims raised by I.L.'s parents.

13. By "Findings of Fact and Decision" date July 15, 2005, Impartial Hearing Officer Theresa R. Joyner, Esq., rendered an award in favor of plaintiffs, establishing plaintiffs as the

---

[1] Reference is made to School Committee of Burlington v. Dept. of Educ. of Massachusetts, 471 U.S. 359, 105 S.Ct. 1996 (1985), and Florence Court School Dist. Four v. Carter, 510 U.S. 7, 114 S.Ct. 361 (1993), which set the standards for determining whether a handicapped child's unilateral educational placement is eligible for reimbursement relief.

"substantially prevailing party" in this administrative due process proceeding.[2] Defendant never appealed from this decision, which thus became final and non-appealable on or about August 20, 2005.

## CONCLUSION

14. The defendant should be held liable to pay plaintiffs their reasonable attorneys' fees arising out of I.L.'s IDEIA administrative due process proceeding, and in this action. The fees requested herein are entirely reasonable and appropriate because:

(a) upon information and belief, plaintiffs' attorneys' office is the only firm in the country whose practice is devoted almost exclusively to representing children and adolescents with autism spectrum disorders, like I.L., in educational rights disputes;

(b) the principal of plaintiffs' attorneys' firm has testified before the United States Congress on the subject of the educational rights of children diagnosed with autism spectrum disorders;

(c) plaintiffs' attorneys have published and presented on the subject of the educational rights of children diagnosed with autism spectrum disorders;

(d) plaintiffs' attorneys have special knowledge and expertise concerning the educational needs of children diagnosed with autism spectrum disorders;

(e) plaintiffs' attorneys' office has represented children with autism spectrum disorders in numerous states across the nation, and has consulted to families outside of the United States; and

---

[2] A redacted copy of this decision is annexed hereto as Exhibit A. Please note that this exhibit has been redacted to protect the privacy of individual family members. See paragraph 3.

(f)  to the extent that there is a "prevailing rate" in the Southern District of New York for sophisticated autism intervention cases, plaintiffs' attorneys' rates are reasonable and within the applicable standard.

15. Necessary duties involved with preparing I.L.'s case for administrative due process hearings for the 2003-2004 and 2004-2005 school year included, but was not limited to: (a) corresponding with plaintiff and I.L.'s service providers; (b) holding numerous telephone conferences; (c) writing and filing impartial due process hearing requests; (d) reviewing and disclosing documentary information relevant to I.L.'s claims; (e) scheduling and preparing witnesses to testify at the hearings; (f) settlement negotiations; and (g) developing an effective case presentation.

16. For all of the above efforts, plaintiffs should be awarded attorneys' fees, related costs and disbursements in an amount to be set by this Court.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award plaintiffs their statutory attorneys' fees and related costs and disbursements from the IDEIA due process proceedings for the 2003-2004 and 2004-2005 school year in an amount to be set by the Court, (b) award plaintiffs the attorneys' fees and related costs and disbursements associated with this action in an amount to be set by the Court, and (c) award plaintiffs such other, different and further relief as this Court deems proper.

Dated: March 10, 2008
       New York, New York                    Gary S. Mayerson (GSM8413)
                                             Mayerson & Associates
                                             330 West 38th Street, Suite 600
                                             New York, New York 10018
                                             (212) 265-7200
                                             (212) 265-1735 (facsimile)